**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael John Jakscht,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Aguire, et al.,<br><br>    Respondents. | No. CV-24-00698-PHX-MTL<br><br>**ORDER** |

    Petitioner Michael John Jakscht ("Petitioner") was convicted in Maricopa County Superior Court of four counts of manslaughter, five counts of aggravated assault, one count of endangerment (imminent death), and as lesser included offenses, three counts of endangerment (physical injury). (Doc. 9-1 at 37-44; Doc. 15 at 3.) He is currently serving a twenty-six-year sentence for the convictions. (Doc. 15 at 3.)

    On March 29, 2024, Petitioner submitted his Petition for Writ of Habeas Corpus (the "Petition") with this Court. (Doc. 1.) Magistrate Judge Alison S. Bachus issued a Report and Recommendation ("R&R"), recommending the Petition be denied and dismissed with prejudice. (Doc. 15.) Petitioner filed his Objections to the R&R (Doc. 16), and Respondent filed its response (Doc. 17). The Court now rules.

**I.    BACKGROUND**

    The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 15 at 1-5.) Neither party has objected to this portion of the R&R, and therefore, the Court hereby accepts and adopts it. *United States v.*

*Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc)).

Petitioner raises four grounds for relief in his Petition. (Doc. 1.) The R&R summarized the Petition as claiming:

> GROUND ONE: The State erred in charging Manslaughter.
>
> GROUND TWO: The State utili[z]ed a legally deficient warrant.
>
> GROUND THREE: Juror misconduct.
>
> GROUND FOUR: Batson challenge.

(Doc. 15 at 5 (citing Doc. 1 at 16-23).) The R&R recommends dismissing the Petition as untimely by three and a half years and finding the statute of limitations could not be equitably tolled. (*Id.* at 11-14.) It also recommends rejecting Petitioner's actual innocence claim because his "mere assertions do not establish factual innocence." (*Id.* at 13.)

Petitioner presents four objections to the R&R. (Doc. 16.) First, Petitioner objects to the R&R's finding that the Petition is untimely. Although lacking in clarity, Petitioner seems to argue his Petition is not time-barred under 28 U.S.C. § 2244(d)(1)(D) because he recently discovered facts behind certain claims that relate to the "unaddressed motion" alleging juror misconduct and *Brady* violations. (*Id.* at 1-2.) Next, Petitioner contends the statute of limitations should be equitably tolled because he diligently pursued his rights and the lack of case law in prison constitutes an "extraordinary circumstance." (*Id.* at 3-4.) Petitioner also raises the argument that the State's "introduction of 'opined' testimony" was insufficient to show he was under the influence of illicit drugs. (*Id.* at 2-3.) And finally, Petitioner objects to the R&R's finding that he has not established actual innocence. (*Id.* at 4.)

II.   **LEGAL STANDARD**

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[T]he district judge must review the magistrate judge's findings and recommendations de

novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection").

## III.   DISCUSSION

### A.   Timeliness

Petitioner objects to the R&R's finding that his Petition is untimely. Petitioner first argues the state court never addressed his motion regarding juror misconduct. (Doc. 16 at 1-2.) Petitioner also challenges the R&R's finding that he is not entitled to equitable tolling. (*Id.* at 3-4.) Petitioner's § 2254 petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, a state prisoner must file their federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The R&R determined that AEDPA's one-year limitations period began on February 24, 2015, the day after the time to file a writ of certiorari with the U.S. Supreme Court expired and Petitioner's convictions became final. (Doc. 15 at 6, 8.) The statute of limitations then ran for 141 days until it was statutorily tolled on July 15, 2015, when Petitioner filed his first notice of post-conviction relief ("PCR").[1] (*Id.* at 8.) Petitioner's

---

[1] AEDPA's one-year limitation period is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

first round of PCR proceedings ended on February 12, 2020, the day after the Arizona Supreme Court denied his petition for review. (*Id.* at 8-9.) And the limitations period resumed until it expired, 224 days later, on September 23, 2020. (*Id.* at 9.) As a result, the Magistrate Judge determined Petitioner's habeas petition—filed on March 29, 2024—was untimely by approximately three and a half years. (*Id.*)[2]

### 1. Commencement of the Limitations Period

Petitioner appears to argue the commencement date for the limitations period under 28 U.S.C. § 2244(d)(1) should begin on a later date when he discovered new facts regarding jurors "discussing and researching materials relating to the case outside of the court." (Doc. 16 at 1-2.) Although Petitioner does not provide the Court an exact date, he argues he presented these facts in a motion filed on April 30, 2021, but it "was never provided judicial review." (*Id.* at 1.) Petitioner contends certain records "vary from the attorney's record, the court's, and the prosecutor's," and these "discrepancies constitute *Brady* material." (*Id.* at 1-2.) He then states that he "was advised he had to wait until the avenues being used at the time until he could file it anew." (*Id.* at 2.)

Whether the Petition is timely under 28 U.S.C. § 2244(d)(1)(D) depends on what date "the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Indeed, "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). And critically, "Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known *by the date the appellate process ended*." *Id.* (internal citations and quotations omitted) (emphasis added).

---

[2] Petitioner filed four more PCR notices, and each was dismissed as untimely. (Doc. 15 at 4-5.) Petitioner does not object to the R&R's finding that his untimely, successive PCR petitions do not statutorily toll the limitations period. (*Id.* at 9.) The Court agrees with the R&R. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.").

- 4 -

Petitioner represents that he filed the motion alleging juror misconduct in 2021, based on facts he allegedly discovered as early as 2013. (Doc. 16 at 1; Doc. 1 at 20.) Therefore, Petitioner was aware of the "vital facts" at the time his conviction became final on February 23, 2015—the date in which "the appellate process ended." *Ford*, 683 F.3d at 1235 (citation omitted). As a result, Petitioner is not entitled to a later commencement date of the limitations period under 28 U.S.C. § 2244(d)(1)(D).[3] *See Hopson v. Ryan*, No. CV-13-1396-PHX-DJH (ESW), 2015 WL 10662701, at *3 (D. Ariz. Sept. 22, 2015) (finding 28 U.S.C. § 2244(d)(1)(D) did not apply because the petitioner was aware of the vital facts at the time his convictions became final), *report and recommendation adopted*, 2016 WL 14280899 (D. Ariz. April 12, 2016).

In any case, Petitioner's argument that the state court never reviewed the motion alleging juror misconduct is not supported by the record. On July 7, 2021, the Arizona superior court dismissed Petitioner's third "Notice for Post-Conviction Relief for Newly Discovered Evidence of Possible Juror Misconduct Dated April 30, 2021" as successive and untimely. (Doc. 9-5 at 121-22.) In its order, the superior court described Petitioner's arguments regarding potential juror misconduct as "not new" and explained they were rejected by the court in an order filed on February 24, 2021. (*Id.* at 122.)[4] Further, the court noted Petitioner raised the same issue and attached the same "Supplemental Motion for New Trial" to a submission filed on December 8, 2020. (*Id.*) The court explained that it previously rejected the argument, reiterated that no motion was filed in 2013, and determined that relief on the juror misconduct claim was precluded as a result. (*Id.* ("The failure to raise a juror misconduct claim in a Rule 24.1(c)(3) motion generally precludes relief in post-conviction relief proceedings.").)

---

[3] As explained in the R&R, even assuming *arguendo* the commencement date of the limitations period is December 31, 2019—the date Petitioner allegedly learned that the superior court did not address his 2013 motion—his Petition would nonetheless be untimely by one year. (Doc. 15 at 7-8.) Petitioner does not specifically object to this portion of the R&R, and the Court concurs with the Magistrate Judge's determination.

[4] In the February 2021 order, the Arizona superior court dismissed Petitioner's second PCR notice, observing that "[t]here is no evidence in the court docket that such a motion was ever filed before the Court[,]" and even if it had been, the motion "would have been untimely." (Doc. 9-4 at 123.)

- 5 -

Accordingly, because Petitioner has not demonstrated he is entitled to a later commencement date of the limitations period under 28 U.S.C. § 2244(d)(1)(D), the Court will overrule his first objection.

### 2. Equitable Tolling

Turning to Petitioner's second objection: he argues AEDPA's one-year limitations period should be equitably tolled. (Doc. 16 at 3-4.) AEDPA's statute of limitations may only be tolled in limited circumstances. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). For the limitations period to be equitably tolled, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. In most cases, equitable tolling is unavailable. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("Indeed, the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (quotations and citation omitted)

Petitioner contends he satisfies both prongs because the appellate record "is evident of his diligence" and the prison's lack of case law constitutes an extraordinary circumstance. (Doc. 16 at 3-4.) As to the first prong, Petitioner's broad assertion fails to satisfy the requisite showing of diligence, as Petitioner provides no explanation for his untimely filing of the Petition on March 29, 2024, nearly three and a half years after the statute of limitations expired. And the mere fact that he filed multiple successive and untimely PCR notices in the state courts does little to account for why he sat on his rights for years before filing a habeas petition with this Court. *See Pace*, 544 U.S. at 418-19; *Canez v. Ryan*, 25 F. Supp. 3d 1250, 1264 (D. Ariz. 2014) ("If diligent, upon becoming belatedly aware of the denial of his post-conviction relief, or following the denial of his petition for review, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline.") (citation and quotations omitted).

Even assuming Petitioner satisfies the diligence requirement, however, he fails to demonstrate that extraordinary circumstances prevented him from timely filing the Petition. Petitioner argues his inability to access case law constitutes an extraordinary

circumstance because he cannot "access any cases to support his position in Federal Court." (Doc. 16 at 3.)[5] Petitioner further argues "[i]t's been opined that no other prison system in the country is hobbled as Arizona's is," leading to "no AEDPA case law" in the prison library. (*Id.* at 3-4.)

A lack of AEDPA resources in a prison library may constitute an extraordinary circumstance in some cases. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1147-48 (9th Cir. 2000) (reversing and remanding a district court's denial of a habeas petition as untimely because the petitioner alleged he did not have access to legal materials describing AEDPA and he had no knowledge of any limitations period). For the limitations period to be equitably tolled on this theory, however, a petitioner must demonstrate that a lack of these materials rendered it "impossible" to timely file the petition. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)).

In the present case, Petitioner has not identified how a lack of prison resources made it impossible for him to timely file his Petition. *See, e.g.*, *Cunningham v. Shinn*, No. CV-21-08141-PCT-GMS, 2022 WL 17552439, at *2 (D. Ariz. Dec. 9, 2022) (finding equitable tolling did not apply because the petitioner failed to explain how an inability to access case law in an Arizona prison made it impossible to file a federal habeas petition within the applicable statutory time period); *Brown v. Schriro*, No. CV-06-2962-PHX-PGR (JI), 2008 WL 2225783, at *6 (D. Ariz. May 27, 2008) (same). Indeed, "[o]rdinary prison limitations" are not considered extraordinary circumstances. *Ramirez*, 571 F.3d at 998.

Because Petitioner has not satisfied either requirement for equitable tolling, the Court overrules Petitioner's second objection.

**B.   Introduction of Opined Testimony**

Petitioner's third objection is vague and seems to challenge the "introduction of 'opined' testimony" from the State. (Doc. 16 at 2-3.) Petitioner argues he only had therapeutic levels of drugs in his bloodstream, "which is consistant [sic] with use of a

---

[5] The Court notes Petitioner's use of authority from the Ninth Circuit and U.S. Supreme Court in his Petition, which undermines his contention that the prison library does not provide any case law. (*See* Doc. 1 at 19-21.)

- 7 -

decongestant sold over the counter, or the dietary suppl[sic]ment [sic] he used." (*Id*. at 2.) He then contends that this "blood test" evidence should be given more evidentiary value than the State's proffered testimony and "mere opining on a subject." (*Id*. at 2-3.)

Petitioner does not specify what testimony he is challenging, nor does he offer any citation to the record or identify which portions of the R&R he is objecting to. To the extent Petitioner generally asserts this testimony should not have been introduced, his objection is not specific to the R&R's finding that the Petition is untimely. Because Petitioner is not objecting to the R&R, this third argument amounts to no objection at all.[6] *See Augustiniak v. Ryan*, No. CV-18-03977, 2020 WL 1685556, at *2 (D. Ariz. Apr. 7, 2020) (stating that district judges do not need to review an objection to the R&R that is general and non-specific).

### C. Actual Innocence

That brings the Court to Petitioner's fourth and final objection: whether he has established actual innocence. (Doc. 16 at 4.)

In federal habeas cases, "actual innocence" is not an independent constitutional claim, but rather, "*if proved*, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the AEDPA statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (emphasis added). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quotations omitted). To establish actual innocence, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner argues that "while in prison, [he] was by due diligence, able to learn of the diet suppl[e]ment exhibited in the petition." (Doc. 16 at 4.) He then offers to "provide Affidavits from reputable persons attesting to his use of that product, during that time" to show that he "was overcharged." (*Id*.) Petitioner attached his own affidavit to his objections, explaining that he used a dietary supplement called "Detonate" from 2008 to

---

[6] To the extent Petitioner claims he is actually innocent based on this evidence, that argument fails for the reasons set forth below.

- 8 -

2010, and that he was unaware "it contained ingredients causing positive tests for amphetamines and methamphetamines." (*Id.* at 6.)

To the extent Petitioner contends this dietary supplement is new evidence in support of his actual innocence claim, his argument fails. Post-conviction evidence serving only to "undercut the evidence presented at trial" does not demonstrate actual innocence. *Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir. 1997). And the evidence Petitioner offers "does not undermine the structure of the prosecution's case" or excuse Petitioner's untimely filing of the Petition. *Spivey v. Rocha*, 194 F.3d 971, 979 (9th Cir. 1999). Petitioner's self-serving affidavit also does not qualify as reliable evidence of his factual innocence, and he has not identified any other evidence in the record to that effect. As the Magistrate Judge correctly observed, Petitioner simply has not demonstrated "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) ("[S]hort of proof of actual innocence, claims solely based on new evidence are generally not cognizable on habeas.").

Accordingly, Petitioner's fourth objection is overruled.

### D. Petitioner's Request for an Evidentiary Hearing

At the end of his objections, Petitioner requests an evidentiary hearing. (Doc. 16 at 5.) Petitioner represents (1) that "[a]ffidavits can be obtained to further establish the use of the dietary suppl[e]ment exhibited in the petition," (2) that he "has an expert witness to go to the mechanical unworthiness of the truck in question," and (3) that he "is willing to perform an inspection of that truck if provided an opportunity." (*Id.*)

The standard for a § 2254 petitioner to expand the state-court record by way of an evidentiary hearing "is a stringent one." *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022). "If a prisoner has failed to develop the factual basis of a claim in State court proceedings, a federal court shall not hold an evidentiary hearing on the claim unless the prisoner satisfies one of two narrow exceptions, and demonstrates that the new evidence will establish his innocence by clear and convincing evidence." *Id.* (cleaned up). For one of the "two narrow

exceptions" to be triggered, the petitioner's claim either "must rely on (1) a new and previously unavailable rule of constitutional law made retroactively applicable by this Court, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* at 381 (cleaned up). And even if all these requirements are satisfied, a federal habeas court is still not required to hold a hearing or take any evidence. *Id.*; *see Schiro v. Landrigan*, 550 U.S. 465, 474 (2007).

Petitioner has not demonstrated that either exception applies to his claims. He does not contend that his claim relies on a new and previously unavailable rule of constitutional law. And he does not argue that the factual predicate to his claim could not have been previously discovered through the exercise of due diligence. In fact, in his Petition, he alleges he discovered new evidence regarding this dietary supplement in 2015. (Doc. 1 at 16.) As a result, Petitioner fails to demonstrate the dietary supplement evidence is "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Shinn*, 596 U.S. at 381 (quoting 28 U.S.C. § 2254(e)(2)(A)(ii)).

In essence, Petitioner seeks to relitigate his case—reciting the same arguments he raised in the Petition and before the Arizona state courts. (*See generally* Doc. 1; Doc. 9-4 at 122 (denying Petitioner's claim that the trial court "erroneously precluded Defendant from testifying about his use of diet pills").) Therefore, the Court will deny Petitioner's request for an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 186 (2011) (stating that although state prisoners may occasionally submit new evidence in federal court, "AEDPA's statutory scheme is designed to strongly discourage them from doing so").

### IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's objections (Doc. 16) are overruled and the Report and Recommendation (Doc. 15) is accepted and adopted.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is denied and dismissed with prejudice.

**IT IS FURTHER ORDERED** denying the issuance of a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 1st day of May, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge